UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY,<br>Plaintiff,<br>v.<br>SOUTH SHORE UTILITY CONTRACTORS, INC., ANTHONY F. ROSCITI, JR. and HENRY V. ROSCITI, JR.,<br>Defendants. | CA 08 171S<br>CIVIL ACTION NO. |

**COMPLAINT**

The Plaintiff, United States Fidelity and Guaranty Company ("USF&G"), states and alleges a cause of action against South Shore Utility Contractors, Inc., Anthony F. Rosciti, Jr. and Henry V. Rosciti, Jr. (hereinafter referred to collectively as "Indemnitors" or "Defendants") as follows:

**PARTIES**

1. The Plaintiff, USF&G, is a Maryland corporation authorized to do business and issue surety bonds in Rhode Island, among others, with a principal place of business in Baltimore, Maryland.

2. The Defendant, South Shore Utility Contractors, Inc. ("South Shore"), upon information and belief, is a corporation with its principal place of business at 44 Maria Avenue, Johnston, Rhode Island.

3. The Defendant, Anthony F. Rosciti, Jr., upon information and belief, is an individual residing at 15 Morgan Court, Lincoln, Rhode Island.

4. The Defendant, Henry V. Rosciti, Jr., upon information and belief, is an individual residing at 1324 Chopmist Hill Road, Scituate, Rhode Island.

**JURISDICTION**

5. The Court has jurisdiction in this matter under 28 U.S.C. §1332 as the plaintiff has citizenship diverse from the defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.00. Venue is proper in this Court under, among other things, 28 U.S.C. §1391 as a substantial part of the events giving rise to the controversy arose in this district.

**BACKGROUND**

6. At all times relevant to this action, USF&G has been in the business of, among other things, issuing payment and performance bonds to various obligees on various projects.

7. South Shore is a commercial construction contractor licensed to do business in the State of Rhode Island.

8. On or about June 12, 2001, the Indemnitors/Defendants executed a General Agreement of Indemnity ("GAI"). A true and accurate copy of the GAI is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to the terms and conditions of the GAI, the Indemnitors/Defendants are required to:

> … indemnify SURETY and hold it harmless from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interest and expenses of every nature … which the surety may sustain, incur or become liable for by any reason of having executed or procured the execution of any BOND or BONDS, or by making any investigation of any matter concerning any BOND or BONDS, or when prosecuting or defending any action in connection with any BOND or BONDS, or by recovering any salvage or enforcing this agreement.

See GAI, ¶4.

10. In reliance on the GAI, USF&G issued Bond No. S0504419 ("the Bond") on behalf of South Shore.

11. USF&G received claims on the Bond and made payments in the amount of $218,259.50 and incurred associated expenses in the amount of $857.50 totaling $219,117.00.

12. South Shore has reimbursed USF&G for one of the losses in the amount of $124,307.95, leaving a balance of $94,809.05 owed to USF&G.

13. In addition, as a direct and proximate result of USF&G's issuance of the Bond at the request of and on behalf of South Shore, USF&G has incurred and continues to incur legal and other expenses and costs.

14. USF&G also expects to sustain further losses in the form of additional attorneys' fees and expenses as a result of this litigation, all of which are recoverable under the specific terms of the GAI.

15. The GAI requires the Defendants to collateralize and otherwise hold USF&G harmless from all losses, costs or expenses incurred in connection with the Bond.

16. To date, the Indemnitors have failed and/or refused to reimburse and/or indemnify USF&G in accordance with their obligations under the GAI.

**Count I – Indemnity**

17. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. As a direct result of USF&G's execution of the Bond on behalf of its principal, South Shore, and at the request of the Defendants, and based on the payment of claims related thereto, USF&G, as surety, has sustained losses, and anticipates sustaining further losses in prosecuting this action.

19. The GAI requires that the Defendants hold USF&G harmless from all losses, costs and expenses incurred in connection with the claims on the Bond.

20. As a result, the Defendants are liable, as indemnitors, to USF&G for all losses, costs, and expenses incurred in relation to any claims on the Bond it issued on behalf of South Shore.

**Count II - Common Law Indemnity**

21. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. As a direct and proximate result of USF&G's issuance, as surety, of the Bond on behalf of its principal, South Shore, and at the request of South Shore, USF&G has sustained losses and expenses, and anticipates sustaining further losses and expenses in prosecuting this claim for indemnity.

23. Pursuant to USF&G's common law right of indemnity, the Indemnitors are liable to USF&G for all past and future losses, costs and expenses incurred in relation to claims on the Bond, in addition to the costs, expenses and attorneys' fees incurred in prosecuting this action.

**Count III - Breach of Contract**

24. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. The Defendants' failure to comply with the terms of the GAI constitutes a breach of the GAI for which the Defendants are liable.

26. The Defendants' refusal to reimburse USF&G for its losses constitutes a breach of the GAI.

27. USF&G has complied with all conditions precedent to commence this action.

**Count IV - Specific Performance**

28. USF&G repeats and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Pursuant to USF&G's common law rights, as well as its rights set forth in the GAI, the Defendants are required to hold the surety harmless from any loss, costs or expenses, including attorneys' fees and interest.

30. The Defendants have failed to indemnify the surety for its losses, costs, expenses, and attorneys' fees.

**Prayer For Relief**

WHEREFORE, USF&G requests that this Court enter a judgement against the Defendants jointly and severally: (1) requiring Defendants to immediately reimburse USF&G for all incurred losses, plus interest, costs, attorneys' fees and any other incurred expenses; (2) to provide collateral to USF&G in an amount necessary to properly protect it against any potential claims; (3) a judgment against the Defendants for any and all amounts that might be adjudged against it in the pending claims on the Bonds; and (4) all other relief to which it is entitled.

Respectfully submitted,

UNITED STATES FIDELITY & GUARANTY COMPANY,

By Its Attorneys,

CharCretia V. Di Bartolo, Bar I.D. #5862
HINSHAW & CULBERTSON LLP
155 S. Main St., Suite 304
Providence, RI 02903
401-751-0842 (telephone)
401- 273-8543 (facsimile)

Dated: May 5, 2008